UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY T. BUSH, JR.

        Plaintiff,

    v.                                        Case No. 21-C-293

MILWAUKEE COUNTY
HOUSE OF CORRECTIONS, et al.,

        Defendants.

## ORDER DENYING MOTION TO RECRUIT COUNSEL

Plaintiff Tommy T. Bush, Jr., who is representing himself, filed this lawsuit under 42 U.S.C. §1983.  Dkt. No. 1.  On March 10, 2021, the Court entered an order dismissing his 123-page original complaint for failure to state a claim upon which relief can be granted and for violating Federal Rule of Civil Procedure 8.  Dkt. No. 6.  The Court noted that it neither had the time nor the obligation to review all of the materials Bush submitted to assemble a potential claim against one or more of the multiple defendants he named in this case.  *Id.*

Instead of attempting to correct the issues the Court identified in the prior order, Bush filed a motion to appoint counsel asking for a "special prosecutor" who can look through his materials to find potential claims and defendants.  Dkt. No. 8.  The Court will deny the request.  Bush does not have a right to court-appointed counsel in federal civil litigation, but he can ask the Court to request an attorney to represent him *pro bono*.  *McCaa v. Hamilton*, 893 F.3d 1027, 1030 (7th Cir. 2018).  Bush must first satisfy two prongs: (1) he must make reasonable attempts to obtain counsel on his own; and (2) he must demonstrate that, given the difficulty of the case, he is not competent

to litigate it himself. *Pennewell v. Parish et al.,* 923 F.3d 486, 490 (7th Cir. 2019) (citing *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Bush has not met either prong. To satisfy the first prong, he must contact at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. To satisfy the second prong, he must (at a minimum) tell the Court what his claims are. The Court cannot determine whether he lacks competence to litigate his claims if it does not know what his claims are. If Bush is not able to tell the Court what his claim is, it may be because he does not have one. In any event, the Court notes that Bush choose to file this lawsuit, so he must at least file a complaint with a cognizable federal claim in order to proceed. Once he has done so, he may renew his motion for recruitment of counsel. If Bush does not have the time, or interest, to determine what his claims are, he can voluntarily dismiss this case.

**IT IS ORDERED** that the plaintiff's motion to appoint counsel (Dkt. No. 8) is **DENIED** without prejudice.

Dated at Green Bay, Wisconsin this 18th day of March, 2021.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

2